FILED
CLERK
-5 FEB 02 PM 2: 56
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Gregory D. Phillips (4645)
Kevin A. Howard (4343)
HOWARD, PHILLIPS & ANDERSEN
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
Telephone: (801) 366-7471

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP M. ADAMS, an individual, and PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>GATEWAY 2000, INC., a Delaware corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Civil No.<br><br>Honorable **2:02CV-0106 S** |

Plaintiffs Phillip M. Adams and Phillip M. Adams & Associates, L.L.C., complain of defendant Gateway 2000, Inc. ("Gateway"), and allege as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Phillip M. Adams (referred to herein as "Dr. Adams") is a principal of Phillips M. Adams & Associates, L.L.C.

2. Plaintiff Phillip M. Adams & Associates, L.L.C. is a Utah Limited Liability

Company.

3. Gateway 2000, Inc. is a Delaware corporation with its principal place of business in No. Sioux City, South Dakota.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that all of Adams' claims arise under federal law or are properly before this Court pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper pursuant to 28 U.S.C. 1391(c) and 1400 (b).

## GENERAL ALLEGATIONS

6. Adams is the owner of various patents and patents pending, including but not limited to, United States Patent No. 5,379,414 entitled Systems and Methods for FDC Error Detection and Prevention (the "414 Patent"). A copy of the 414 Patent is attached hereto as Exhibit A.

7. Adams is also the owner of United States Patent 5,983,002 entitled Defective Floppy Diskette Controller Detection Apparatus and Method (the "002 Patent"). A copy of the 002 Patent is attached hereto as Exhibit B. The various patents owned by Dr. Adams, including the 414 Patent and the 002 Patent, are collectively referred to hereafter as the Adams Patents.

8. Gateway has actual and constructive notice of the Adams Patents.

9. Gateway has acted without a license to make, import, sell or offer for sale, use, and/or induced others to manufacture, import, use, sell and offer for sale technology that infringes upon the Adams' patents. For purposes of example only, Gateway has made, imported, sold or offered for sale, used, and/or induced others to manufacture, import, use, sell and offer for sale a modified Floppy Diskette Controller Core, including but not limited to the Winbond W83627HF Super I/0 Device, Version "G."

10. Gateway has deliberately and willfully infringed upon the Adams Patents.

2

## COUNT I

### (Patent Infringement)

11. Adams incorporates by this reference the allegations set forth above.

12. Without authority or license, Gateway has imported, manufactured, used, sold or offered for sale products that infringe one or more of the patent claims of the Adams Patents, literally or by equivalents, and thus has directly infringed those claims.

13. By reason of Gateway's acts complained of herein, Gateway has infringed and is continuing to infringe the Adams Patents by manufacturing, importing, selling and offering for sale, by using, and by inducing others to manufacture, import, use, sell and offer for sale, products that incorporate the inventions, processes, and technology claimed in the Adams Patents without authorization, license or other permission from Adams.

14. Because of Gateway's conduct, Adams has been actually and irreparably harmed and suffered impairment of the value of Adams' patent rights. Moreover, unless Gateway is restrained from infringing the Adams' Patents, Adams will continue to suffer immediate and irreparable harm for which there is no adequate remedy at law.

15. This is an exceptional case under 35 U.S.C. §285.

16. Adams is entitled to damages, treble damages, exemplary damages, attorneys' fees and costs in an amount to be proven at trial.

## COUNT II

### (Theft of Trade Secrets and Breach of Non-Disclosure and Confidentiality Agreement)

17. Adams incorporates by this reference the allegations set forth above.

18. Adams and Gateway entered into a Non-Disclosure and Confidentiality Agreement on or about July 12, 2000. A copy of the Non-Disclosure Agreement is attached hereto as Exhibit C.

19. During the course of discussions and meetings with Gateway, Adams disclosed certain proprietary and confidential information and trade secrets (hereinafter "Trade Secrets"). The Trade Secrets constitute information that derives independent economic value, actual and potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from disclosure of the information, and the information is the subject of efforts by Adams, that are reasonable under the circumstances, to maintain its secrecy.

20. Based upon information and belief, Gateway has used and intends to use and have used the Trade Secrets without the express or implied consent of Adams.

21. Gateway has used and is using the Trade Secrets with knowledge that they were wrongfully acquired.

22. Because of Gateway's conduct, Adams has been actually and irreparably harmed and suffered impairment of the value of his Trade Secrets. Moreover, unless Gateway is restrained from misappropriating Adams' Trade Secrets, Adams will continue to suffer immediate and irreparable harm for which there is no adequate remedy at law.

23. In addition, Adams is entitled to damages and punitive damages in an amount to be demonstrated at trial.

WHEREFORE, Adams prays for judgment against Gateway as follows:

1. A judgment that Gateway has infringed one or more claims of the Adams Patents.

2. A judgment that Gateway has induced infringement of one or more claims of the Adams Patents.

3. A judgment that Gateway has engaged in contributory infringement of one or more claims of the Adams Patents.

4. Pursuant to 35 U.S.C. § 283, a preliminary and permanent injunction restraining Gateway and its agents, servants, employees, attorneys, directors, successors, assigns, and all those in active concert or participation with Gateway, from committing further acts of infringement during the pendency of this action and permanently afterward, and requiring Gateway to notify its customers of Gateway's infringement and retreive all infringing computers that Gateway has sold.

5. A preliminary and permanent injunction restraining Gateway and its agents, servants, employees, attorneys, directors, successors, assigns, and all those in active concert or participation with Gateway from misappropriating Adams' Trade Secrets.

6. An order that Gateway provide to Adams for destruction all infringing products in its custody, possession, or control that infringe the Adams Patents, and that Gateway file with this Court a written report, under oath, setting forth in detail the manner and form in which Gateway has complied with that order and with this Court's injunction.

7. Pursuant to 35 U.S.C. § 284, an award to Adams of all compensable damages based upon lost profits, reduced profits, lost royalties, pre-judgment and post-judgment interest, costs, and/or any other available form of relief based on any form of recoverable economic injury sustained by Adams as a result of Gateway's patent infringement, and that those damages be trebled as a result of Gateway's willful and deliberate infringement.

8. Pursuant to 35 U.S.C. §284, that the damages Adams is awarded as a result of Gateway's infringement of the Adams Patents be trebled based on Defendant Gateway's willful infringement of the Adams' Patents.

9. Pursuant to 35 U.S.C. § 285, an award of Adams' costs and attorneys' fees incurred in this action.

10. Compensatory and punitive damage in an amount to determined at trial.

11. An order granting such other and further relief as this Court deems just and proper.

DATED this 5th day of February 2002.

HOWARD, PHILLIPS & ANDERSEN

By: Gregory D. Phillips
Attorneys for Plaintiffs



# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.