IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GATEWAY, INC., f/k/a GATEWAY 2000, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM AND ORDER OVERRULING GATEWAY'S OBJECTIONS TO MAGISTRATE JUDGE NUFFER'S ORDER (Dkt. No. 309) GRANTING MOTION TO AMEND IN PART<br><br>Case No. 2:02-CV-106 TS |

    This matter is before the court on Gateway's Objections to the Magistrate Judge Nuffer's December 30, 2004, Order Granting Motion to Amend in Part (Docket No. 309). Gateway filed the present Objection (Docket No. 318) simultaneously with its Motion addressed to the Magistrate Judge, seeking reconsideration of the same Order (Docket No. 317). This court deferred ruling on the Objection until the Magistrate Judge ruled on the Motion to Reconsider. The Magistrate Judge issued his Order Denying Motion for Reconsideration of Order No. 309 on June 28, 2005 (Order on Reconsideration).

    The Magistrate Judge's Order Granting Motion to Amend in Part (the Order) granted

1

in part Gateway's Motion for Leave to Amend Answer and Counterclaim to Second Amended Complaint. However, the Order denied Gateway leave to amend its answer to include defenses and allegations that Plaintiffs do not own "the technology described in the patents" at issue in this patent infringement suit. Order at 1. The Magistrate Judge found that the possibility, alleged by Gateway, that other entities, such as Plaintiff Phillip Adams' former employer, IBM, may own the patents is "legally irrelevant" because in "patent litigation between private parties, equitable rights of ownership of strangers to the suit may not be raised as defenses against the legal titleholder of a patent." *Id*. at 2 (quoting *Dorr-Oliver, Inc. v. U.S.,* 432 F.2d 447, 451 (Ct. Cl. 1970) quoted in *FilmTec Corp. v. Hydranautics*, 982 F.2d 1546, 1550 (Fed. Cir. 1992)). Accordingly, the Magistrate Judge denied Gateway's motion insofar as it sought leave to add such claims.

Gateway contends that the Magistrate Judge's Order is in error in two respects. First, it contends that under the *Dorr-Oliver* and *FilmTec* cases, *supra*, courts permit defendants "to assert the defense of lack of ownership by the plaintiffs on the ground that a third party had *legal* title" to the patent. Gateway's Objections at 4 (citing *Dorr-Oliver*, 432 F.2d at 451 and *FilmTec,* 982 F.2d at 1550). Second, Gateway claims the Magistrate Judge erred because it seeks to amend its Answer to add the defense that Plaintiffs do not have legal title, a defense that it contends is proper under *FilmTec*. Id. at 5.

Plaintiffs contend that Gateway misrepresents the holding in *Filmtec* and requests sanctions.

For non-dispositive pretrial matters, this court reviews any objection to an order of the Magistrate Judge under a "clearly erroneous or contrary to law" standard of review. 28

U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) and DUCivR 74-1(a)(1). Under the clearly erroneous standard, this court will affirm a Magistrate Judge's ruling unless this court is, on the entire evidence, "left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Courts recognize that wide discretion is given the Magistrate Judge in discovery rulings. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

The court finds no error of fact or law in the Magistrate Judge's well-considered Order. Gateway raises the same arguments in its Objection as it raised in its Motion to Reconsider. On reconsideration, the Magistrate Judge found that Gateway's reliance on a single statement from the *FilmTec* case and the *Dorr-Oliver* case upon which *FilmTec* relied did not support Gateway's position because neither case held an "accused infringer may raise a defense that a third party holds legal title." Order on Reconsideration at 2. In fact, as pointed out in the Order on Reconsideration, the general rule was to the contrary. *Id.* at 3. As discussed by the Magistrate Judge, *FilmTec*, which involved an exception to the general rule, was entirely distinguishable because it involved federal statutes not applicable to the present case. The Magistrate Judge further found Gateway's "misreading of the cases" to be "troubling." *Id.* at 4 n.18.

The court fully agrees with the Magistrate Judge's analysis. The court finds no error in law or fact in the Order or in the Order on Reconsideration and has nothing to add to their concise reasoning. The court will overrule Gateway's Objection and will adopt the Order and the Order on Reconsideration in whole.

3

The court will deny Plaintiffs' request for sanctions because it finds, at least at this stage of the proceedings, that Gateway's counsel's persistence in their misreading of the cases cited is more likely a result of excessive zeal in advocacy rather than of a sanctionable frivolous argument. Based upon the foregoing, it is therefore

ORDERED that Gateway's Objections (Docket No. 318) to the Magistrate Judge's December 30, 2004 Order (Docket No. 309) Granting Motion to Amend in Part is OVERRULED and the same is AFFIRMED AND ADOPTED IN FULL. It is further

ORDERED that the Magistrate Judge's June 28, 2005 Order Denying Motion for Reconsideration of Order No. 309 is ADOPTED IN FULL. It is further

ORDERED that Plaintiffs' request for sanctions is DENIED.

DATED this 12th day of August, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge