IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GATEWAY, INC., f/k/a GATEWAY 2000, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING EXPERT ACCESS TO SOURCE CODE<br><br><br><br>Case No. 2:02-CV-106 TS |

      This matter is before the court on Gateway's Objections (Docket No. 319) to the Magistrate Judge's December 31, 2004 Sealed Order Regarding Expert Access to Source Code (Docket No. 308).  This appeal is the latest of Gateway's attempts to have Adams' source code released to Gateway's expert.  The source code was previously released to Gateway's attorney under a protective order.  On September 15, 2004, this court previously overruled an appeal of the Magistrate's March 9, 2004 Order on this same issue.  However, that September 15, 2004 Order (Docket No. 269) reserved an issue which the Magistrate had not yet had an opportunity to decide–whether the source code was relevant to prove Gateway's defense of lack of ownership.

1

In his December 31, 2004 Order, the Magistrate explained the nature and significance of source code generally, found that only one of the patents at issue in this case involved source code, and that such source code was available to Gateway's expert as a public document, but denied Gateway's request to make Adams' non-public source code available to its expert. The Magistrate found that the nonpublic source code was a secret akin to the secrecy surrounding the recipe for Coca-Cola, that it was not central to this litigation as claimed by Gateway, and that there was no precedent supporting Gateway's contention that required disclosure to meet the best mode and enablement requirements. Finally, the Magistrate found that Gateway was not entitled to have its expert review the source code in support of an ownership defense, because such a defense was not available to Gateway in this case.

Gateway contends that the Magistrate's Order made errors of law by (1) applying the wrong burden of proof; (2) ruling that Gateway could not assert an ownership defense; (3) ruling that the source code was not relevant to the enablement and best mode requirements; (4) failing to consider the additional bases of relevance to an offer for sale defense and derivation; and (5) failing to make findings on why the stipulated order for confidentiality would not protect the information. In addition, Gateway contends that the Magistrate made the following errors of fact: (1) finding that Adams' source code does not embody the patents-in-suit; (2) finding that there was only a remote possibility that relevant evidence could be developed from the expert's examination of the source code; and (3) finding that Adams' fears that Gateway only wants the source code to appropriate his technology were credible.

As this court has stated many times in this case, for non-dispositive pretrial matters, this court reviews any objection to an order of the Magistrate under a "clearly erroneous or contrary to law" standard of review.  28 U.S.C. § 636(b)(1)(A);  Fed. R. Civ. P. 72(a) and DUCivR 74-1(a)(1).  Under the clearly erroneous standard, this court will affirm a Magistrate's ruling unless this court is, on the evidence, "left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Courts recognize that wide discretion is given the magistrate in discovery rulings. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

In making his findings and conclusions, the Magistrate reviewed an extensive record on this issue.  This court has reviewed the same record as well as the memoranda and exhibits on appeal.  Being fully advised, the court will address Gateway's claims of alleged errors in the same order as they were raised.

Gateway contends that the Magistrate applied the wrong burden of proof because it did not require Plaintiffs to make a clear showing that a claimed privilege applies.   This court finds that the Magistrate carefully explained the nature of the material sought and why it should not be disclosed in this case.  He summarized Plaintiffs' evidence and found that the source code at issue is extremely valuable and protected, has never been disclosed, that any disclosure would be devastating, and that such disclosure is not likely to lead to the discovery of relevant information in this case.

This court finds that the Magistrate applied the correct burden of proof and did not err in finding that Plaintiffs had met that burden. Where neither relevance nor need was shown, it was not necessary for the Magistrate to further consider whether the terms of the protective order would provide sufficient safeguards for the information.

Gateway's primary argument in support of its attempt to obtain the source code is that the Magistrate erred in his ruling that an ownership defense is not available to Gateway, the alleged infringer in this case. This court has already affirmed the ruling that the ownership defense is not available in this case. *See* August 12, 2005, Memorandum Decision and Order Overruling Gateway's Objections to Magistrate Judge Nuffer's Order (Dkt. No. 309) Granting Motion to Amend in Part, at 3.

Gateway contends that the Magistrate erred in his ruling on the source code's relevance to the enablement and best mode requirements based upon a "strained view" of the case *Crown Operations Intern. Ltd. v. Solutia, Inc.*, 289 F.3d 1367, 1381 n.10 (Fed. Cir. 2002). The court finds no error in the ruling or in the Magistrate's interpretation of *Crown Operations*.

Gateway contends that the Magistrate failed to consider the additional bases of relevance to an offer for sale defense and derivation. In support, Gateway points to its arguments made at pages 8-12 of its prior Objections (Docket No. 182) to the Magistrate's earlier Order on this issue. These bases were either resolved pursuant to the earlier Order, or are variations of the ownership defense that is not available in this case.

Gateway contends that the Magistrate failed to make findings on why the stipulated order for confidentiality would not protect the information. For the reasons stated herein, the court finds no error in the lack of findings on this issue.

The court will next address Gateway's assertions of errors of fact. Gateway contends that the Magistrate erred in finding that the Adams source code does not embody the inventions' patents-in-suit. The court finds no error in that finding and agrees with the Magistrate that "neither source cited by Gateway makes the assertion [that his source code embodies the patents-in-suit] attributed to Adams." December 31, 2004 Order, at 6.

The court agrees with the Magistrate's finding that there was only a remote possibility that relevant evidence could be developed from the expert's examination of the source code because it appears that the alleged relevancy is related to Gateway's attempt to raise an ownership defense–a defense that this court has previously held is not available.

Gateway contends that the Magistrate erred by his apparent acceptance of Adam's fears that Gateway wants the source code to appropriate his technology. The Magistrate's remarks were as follows:

> Militating against the expert's use of the code are the very reasons that source code is protected zealously. Adams has never disclosed his source code to purchasers of his technology, which he says is worth hundreds of millions of dollars. Adams fears that Gateway wants the source code to appropriate his technology and reminds the court that Gateway recently disclosed that it has had possession of Adams' software for over three years. The centrality of source code and the need to protect it has already been discussed.

*Id*. at 8-9.

The court finds no error in these remarks. The Magistrate was required to consider such factors as the reasons that the source code is protected. In light of the nature of the recent revelations that Gateway has not disclosed that it had possession of the technology at issue since January 2001, it was not surprising that the Magistrate included that information in his remarks. It was not error or an abuse of discretion for the Magistrate to consider the entire record of the case when asked to reconsider his Order.

The court finds no error of fact or law in the Magistrate's December 31, 2004 Order. Accordingly it is therefore

ORDERED that Gateway's Objections to the Magistrate Judge's December 31, 2004, Sealed Order Regarding Expert Access to Source Code (Docket No. 319) are OVERRULED. It is further

ORDERED that Magistrate Judge's December 31, 2004, Sealed Order Regarding Expert Access to Source Code (Docket No. 308) is AFFIRMED AND ADOPTED IN FULL.

DATED this 17th day of August, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge