IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS, et al., <br><br> Plaintiffs, <br><br><br><br> vs. <br><br><br><br> GATEWAY, INC., f/k/a GATEWAY 2000, INC., a Delaware corporation, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER REGARDING EXPENSES AND SANCTIONS <br><br><br><br><br><br> Case No. 2:02-CV-106 TS |

This matter is before the court on Gateway's Objections (Docket No. 362) to the Magistrate Judge's March 29, 2005 Order Regarding Expenses and Sanctions (Docket No. 348). The Objections require this court to review the Magistrate's moderate award of attorneys' fees and costs as a sanction resulting from his finding that Gateway's blanket claims of privilege for hundreds of documents were not substantially justified. The Magistrate also found, based on his own extensive knowledge of the case, that the hours claimed were reasonable and that detailed time records were not required under the circumstances of this case. However, the magistrate reduced the amounts claimed by 25% to cover the time prior to the Magistrate's notice to Gateway of his position on the

1

claim of privilege.  After the reduction, the court awarded fees in the amount of $49,000.

Gateway objects to the Order and contends that the Magistrate (1) erred in applying the crime-fraud exception to the privilege issue; (2) erred in finding that Gateway's claim of privilege was not substantially justified after the hearing where the Magistrate notified Gateway of the parameters of a proper claim of privilege; and (3) erred by departing from established Tenth Circuit case law when finding Plaintiff satisfied the burden of showing the reasonableness of the attorneys' fees.

The parties agree that the clearly erroneous or contrary to law standard of review applies.  Considering Gateway's first objection, the court has reviewed the March 29, 2005 Order and there is no application therein of the crime-fraud exception.  Gateway's confusion on this issue may result from its misreading of the Magistrate's phrase "violation of law" which refers to civil discovery and patent law.  *See* March 29, 2005 Order at 11.

In Gateway's second objection, it contends that the Magistrate erred in holding that Gateway's claim of privilege was not substantially justified after a hearing date where Gateway was notified by the Magistrate of the framework necessary for the claimed privilege to apply.

This court is fully familiar with Gateway's vast and indiscriminate claims of work-product and attorney-client privilege.  Gateway based those claims on its early and calculated labeling of all of its business activities related to Plaintiffs' assertion that Gateway's products contained a defect as a "Legal Investigation."  *E.g.* September 14, 2004 Memorandum and Order Affirming Magistrate Judge's Sealed Order Granting Motion to Compel Documents Withheld on the Basis of Privilege.   If this matter were before this

court on de novo review, this court would award all of the claimed attorneys fees without deduction.  To this court, the entire voluminous record on the privilege issue clearly reveals that having secreted a forest of information behind the "Legal Investigation" designation, Gateway made no good faith effort to separate or accurately identify genuinely privileged material from the mass of improperly withheld documents.  *E.g. Id.* at 4-5 (noting that when even a small sample of the claimed privileged documents were reviewed *in camera*, Gateway conceded that they included unprivileged and "mis-designated" documents). Instead, Gateway indiscriminately asserted the privileges without substantial justification in order to obtain a blanket shield to ordinary discovery.

However, this matter is not before the court on de novo review.  Upon "arbitrary and capricious" review, the court finds neither an abuse of discretion nor clear error in the Magistrate's finding that the claim of privilege was not substantially justified after the first hearing on the issue.  The Magistrate identified the correct standard for determining when a claim of privilege was substantially justified and the court finds no error in its application of that standard.

On Gateway's last objection to the Order, the court notes that Gateway does not object to the reasonableness of the amount of attorneys' fee award itself,  Def's Objection at 4, to the hourly rates, or to the amount of the expenses.  Instead, it claims that more evidence is needed to assess the reasonableness of the award.  This court does not agree.  As set forth in the March 29, 2005 Order, Plaintiffs provided an accounting of their hourly rate and the hours expended by each attorney or paralegal.   *Id.* at 2-3.  The Magistrate explained why the "contemporaneous time records" requirement developed in

civil rights cases does not, and should not, apply to attorneys fees awarded in discovery

disputes.  The Magistrate detailed his own intimate familiarity with the scope of the dispute

and the nature and volume of the work required to respond to the privilege claims.  Under

the circumstances, the Magistrate found the documentation sufficient to support the "very

reasonable and surprisingly low" claimed hours.  *Id*. at 6.

The court finds no error in those findings.  Upon the record, the court finds the

documentation complies with DUCivR 54-2(f) which, under these circumstances, requires

"only an affidavit of counsel setting forth the number of hour expended" and "the hourly

rates claimed."  As did the Magistrate, this court finds the hours claimed are "surprisingly

low" in view of the Plaintiffs' long and exhaustive efforts to obtain the discovery secreted

behind the unjustified claim of privilege.

The court having found no error of fact or law in the Magistrate's March 29, 2005

Order, it is therefore

ORDERED that Gateway's Objections (Docket No. 362) to the Magistrate Judge's

March 29, 2005 Order Regarding Expenses and Sanctions are OVERRULED.  It is further

ORDERED that the Magistrate Judge's March 29, 2005 Order Regarding Expenses

and Sanctions (#348) is AFFIRMED AND ADOPTED IN FULL.

DATED this 17th day of August,  2005.

BY THE COURT:

_____

TED STEWART
United States District Judge

4