IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS, et al.,<br><br>    Plaintiffs,<br><br><br><br><br><br>        vs.<br><br><br>GATEWAY, INC., f/k/a GATEWAY 2000, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S SEALED ORDER GRANTING IN PART GATEWAY'S MOTIONS TO COMPEL DISCOVERY<br><br><br><br><br>Case No. 2:02-CV-106 TS |

This matter is before the court on Gateway's Objections (Docket No. 299) to the Magistrate Judge's November 16, 2004 Sealed Order Granting In Part Gateway's Motions to Compel Discovery From Plaintiffs (Docket No. 295).

Gateway objects to the portion of the November 16, 2004 Order that denied Gateway's discovery requests relating to what the parties refer to as the "any-byte" technology. November 16, 2004 Order at 6-8. The Magistrate noted that the "any-byte" technology is covered by one of the patents-in-suit – the '222 patent. *Id*. at 7. However, the Magistrate found that Plaintiffs are not asserting infringement of the "any-byte"

1

technology part of the '222 patent.  He further found that expansion of this case to include the features of the '222 patent which are outside of the infringement claim would "be troublesome because the technology central to the case is so esoteric and the information produced and testimony obtained is already so voluminous."  He also found that such information would not lead to a dispositive result.  *Id*. at 7.  Accordingly, based on the entire record and case management concerns, he ruled that Plaintiffs need not provide the "any-byte" information.

Gateway objects to the ruling as clearly erroneous and contrary to law because they argue the information is relevant to its counterclaims and defenses, and thus, it meets the standard for production under Fed. R. Civ. P. 26(b)(2).

The court has considered the Magistrate's ruling on the "any-byte" issue and the entire record relating to that issue.  The Magistrate is familiar with the claims and defenses in this case.  He has supervised the extensive discovery proceedings herein over several years.  It was well within the Magistrate's discretion to determine that the additional discovery should not be allowed.  Under the circumstances of this case, this court finds that the Magistrate's decision not to allow discovery to expand to include the features of the '222 patent which are outside of the infringement claims was not clearly erroneous or contrary to law.  It is therefore

ORDERED that Gateway's Objections (Docket No. 299) to the Magistrate Judge's November 16, 2004 Sealed Order Granting In Part Gateway's Motions to Compel Discovery From Plaintiffs (Docket No. 295) are OVERRULED.  It is further

ORDERED that the Magistrate Judge's November 16, 2004 Sealed Order Granting In Part Gateway's Motions to Compel Discovery From Plaintiffs (Docket No. 295) is AFFIRMED AND ADOPTED IN FULL.

DATED this 18th day of August,  2005.

BY THE COURT:

_____

TED STEWART
United States District Judge

3