IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS and PHILLIP M. ADAMS & ASSOCIATES, L.L.C.,<br><br>             Plaintiffs,<br><br>        vs.<br><br>GATEWAY, INC.,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART GATEWAY'S MOTION TO COMPEL**<br><br>Case No:  2:02-CV-106 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

This is an action between a patent holder and an alleged infringer.  Gateway, the alleged infringer, has moved to compel discovery from the Plaintiffs.[1]  The discovery falls into the following categories:

- •       Plaintiffs' tax returns and other financial records.

- •       Records of payments to Plaintiffs paid through their counsel's trust account.

- •       The fee arrangement between Plaintiffs and their counsel.

The first two categories of information were requested in requests for production of documents[2] and the last category was requested in a deposition of Kevin Howard.[3]

---

[1]Gateway's Motion to Compel Directed at Plaintiffs Regarding Various Matters, docket no. 411, filed under seal September 19, 2005.

[2]Requests Nos. 19 and 21 in Defendant's First Set of Requests for Production of Documents, attached as Exhibit 1, and Request No. 65 in Defendant's Second Set of Requests for Production of Documents, attached as Exhibit 2, to Memorandum in Support of Gateway's Motion to Compel Directed at Plaintiffs Regarding Various Matters (Memorandum in Support), docket no. 412, filed under seal September 19, 2005.

[3]Deposition of Kevin Howard, Exhibit 21 to Memorandum in Support.

**Factual Setting**

Most of the arguments regarding the discoverability of this information revolve around payments made by HP and Compaq to Plaintiffs.  HP and Compaq, in separate agreements, licensed at least some of the technology Plaintiffs claim Gateway has infringed.  The parties agree that an infringer must pay "a reasonable royalty for its infringing activity,"[4] which is "a reasonable royalty in the marketplace."[5]  Plaintiffs cite authority that the first preference in establishing a reasonable royalty is to rely "upon an established royalty, if there is one . . . ."[6]  Thus, the HP and Compaq agreements – and payments made under them – are very important.

Both Plaintiffs are parties to the Agreements with HP and Compaq,[7] and the allocation of payments under each of the Agreements is in question.  The Agreements not only license technology, but also provide for consulting services and contain covenants not to provide information to parties adverse to the licensee.  At least one of the Agreements contains a clause allowing Plaintiffs and the licensee to *each* independently allocate payments made and revenue received as license or consulting payments, making the actual allocation by both parties very

---

[4] Memorandum in Support at 3 (citing 35 U.S.C. § 284).

[5] Plaintiffs' Memorandum in Opposition to Gateway's Motion to Compel Directed at Plaintiffs Regarding Various Matters and Request for Oral Argument (Opposition Memorandum) at 6, docket no. 415, filed under seal October 11, 2005.

[6] Opposition Memorandum at 6 (citing *In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1377 (Fed. Cir. 1999)).

[7] Exhibit 11 (agreement with HP) and Exhibits 15 and 16 (agreements with Compaq) to Memorandum in Support.

important.[8]   Gateway claims that Adams personally has no ownership interest in the patents,[9] making any allocation of revenues to him – and to consulting services – probative of the true value of the technology license granted in each agreement.

The magistrate judge is convinced that actual allocation of revenues paid under the Agreements is very relevant to the claims or defenses and therefore discoverable.[10]  Plaintiffs' arguments that "the only relevant inquiry is how Hewlett-Packard and Compaq treated the payments"[11] is incorrect.  Plaintiffs' own allocations reflect the licensor's assessment of the value of the licenses.

**Plaintiffs' tax returns and other financial records.**

Gateway seeks Plaintiffs' tax returns and other financial records because "the proportional amounts of the monies paid by HP and Compaq and received by [each Plaintiff] are relevant to the issue of how much of the money was attributable to the Patents-in-Suit.  Plaintiffs' tax returns will indicate how much of the money paid by HP and Compaq was received by each Plaintiff."[12] Plaintiffs only cite one case for the proposition that "[t]ax returns are not generally

---

[8]        The parties shall independently allocate, as between the Licensing Fees for the *Adams Technology* and the Consulting Fees for the services to be rendered by *Adams* the aggregate fee paid by HP in this Agreement. The parties differ over the relative value each assigns to the various parts of the licensed technology and the services to be rendered under the *Consulting Agreement.*
Agreement between HP and Plaintiffs at 8, Exhibit 11 to Memorandum in Support.

[9] Memorandum in Support at 5 (citing to April 22, 1997 Assignments attached to Memorandum in Support as Exhibit 13).

[10]Contrary to Plaintiffs' assertion, the Order Regarding Gateway Motions to Compel, January 14, 2004, docket no. 153 did not adjudicate allocation of payments under the HP Agreement but discussed the allocation in a different context.  *See* Opposition Memorandum at 7.

[11]*Id.* at 7-8.

[12]Memorandum in Support at 6.

discoverable."[13]  However, as Plaintiffs admit, tax returns are discoverable "when the plaintiff's

income is directly in issue."[14]  In the cited case, returns were sought to allow evaluation of the

financial strength of proposed class representatives.  Here, the returns are sought to show

allocation of income received, which will directly reflect Plaintiffs' allocations of revenue

between themselves and between license royalties and other compensation.  The portions of the

returns showing such information are discoverable.


**Records of payments to Plaintiffs paid through their counsel's trust account.**

According to Gateway, "HP has produced documentation that indicates that all monies

paid to Plaintiffs under the HP Agreement were deposited in Plaintiffs' counsel's client trust fund

account."[15]  Therefore, records from Plaintiffs' counsel's client trust account showing payments

from HP and Compaq and disbursement of those amounts to Plaintiffs are discoverable.


**The fee arrangement between Plaintiffs and their counsel.**

Gateway first claims that fee arrangements with counsel are discoverable because they are

not protected by the attorney-client privilege.[16]  While it is true that fee arrangements are not

privileged, the argument fails to properly consider that nothing is discoverable unless "relevant to

---

[13]Opposition Memorandum at 6 (citing *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974)).

[14]*Id.*

[15]Memorandum in Support at 6 (citing HP Treasury Payment Requests at HP-0520 - HP-0530 (attached to Memorandum in Support as Exhibit 19)).

[16]Memorandum in Support at 7-8.

the claim or defense of any party."[17]  Gateway argues that the fee arrangements will help to understand "the amount of money paid by HP and Compaq that was retained by [Plaintiffs' counsel] to have a complete accounting of the monies paid by HP and Compaq."[18]  This basis is insufficient.  Gateway is not entitled to know the uses to which Plaintiffs put the licensing revenue.  That is not helpful to the issue of "reasonable royalty."

Gateway also claims that since a principal in the law firm is "likely to be a witness at trial . . . the past and potential remuneration received by him and his law firm is relevant to his credibility."[19]  In support of this proposition, Gateway cites a case holding that the compensation of an expert witness is discoverable.[20]  That case did not, however, permit inquiry into case-specific compensation information but permitted a brief and large scale inquiry, such as the percentage of income from certain sources and a list of cases and contact persons for each case.[21]  The information was also subject to a protective order limiting dissemination.

Plaintiffs say the fee agreement with the law firm is not relevant to Mr. Howard's bias since his share of any legal fees is actually determined by the firm's compensation system, making the fee arrangement only tangentially relevant to his personal interest.

---

[17]Fed. R. Civ. P. 26(b)(1).

[18]Memorandum in Support at 8-9.

[19]Memorandum in Support at 9.

[20]*Behler v. Hanlon*, 199 F.R.D. 553 (D. Md. 2001).

[21]*Id*. at 562.

At the present, the best Gateway can do to show the fee arrangement is relevant is to say that "Mr. Howard is likely to be a witness at trial."[22]  Gateway has not said whether he is to be an expert witness or fact witness; has not stated the subject of his testimony; and has not said who will call him.  At this time, the fee arrangement cannot be said to be "relevant to the claim or defense of any party."[23]

Beyond the objection that there is a lack of relevance, the inquiry into counsel's fee arrangements has the tendency to divert the attention and focus of the case, creating a risk of "unfair prejudice, confusion of the issues, or misleading the jury, or [causing] undue delay, [or] waste of time."  While these considerations are normally related to admissibility of evidence, they reflect the policy that cases ought to stay focused on their objective and not cut such a broad swath that they cease to move forward.

Finally, inquiry into counsel's fee arrangements, like a disqualification motion, has the inevitable effect of being a personal attack on opposing counsel.  Unless necessary, this should be avoided.  Discovery that probes sensitive areas requires the court to protect against unnecessary "annoyance, embarrassment, oppression, or undue burden."[24]  At this point, given the relatively light showing of relevance to claims or defenses, the sensitivity of the information sought weighs against discovery.

---

[22]Gateway's Reply in Support of Motion to Compel directed at Plaintiffs Regarding Various Matters at 8, docket no. 425, filed under seal October 24, 2005.  *See also* Memorandum in Support at 9.

[23]Fed. R. Civ. P. 26(b)(1).

[24]Fed. R. Civ. P. 26(c).  *See also* Fed. R. Civ. P. 26(b)(2).

**ORDER**

IT IS HEREBY ORDERED that Gateway's motion to compel is GRANTED IN PART.

IT IS FURTHER ORDERED on or before November 30, 2005, Plaintiffs shall produce to Defendant:

a.      Copies of those portions of tax returns of Plaintiffs reflecting payments made by HP and Compaq under the HP and Compaq Agreements; and

b.      Copies of records of the trust account of Howard, Phillips and Andersen reflecting payments from HP and Compaq under the HP and Compaq Agreements and disbursement of those payments to Plaintiffs, as well as any tax reporting documents prepared by Howard, Phillips and Anderson reflecting receipt of payments from HP and Compaq under the HP and Compaq Agreements or disbursement of those payments to Plaintiffs.

Dated this 2nd day of November, 2005.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge