IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GATEWAY, INC., f/k/a GATEWAY 2000, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING GATEWAY'S MOTION FOR A *MARKMAN* HEARING AND SETTING BRIEFING SCHEDULE ON CLAIM CONSTRUCTION<br><br><br>Case No. 2:02-CV-106 TS |

This matter is before the court on Gateway's Motion requesting a pretrial *Markman* hearing. Plaintiffs oppose the Motion. The Court has considered the Motion and all related matters, as well as the entire record in this case.

Gateway is correct in its assertions that (1) infringement and invalidity are issues that share common claim construction; (2) *Markman* held that the claim construction is an

1

issue of law[1]; (3) it is common procedure for courts to hold *Markman* hearings prior to the trial; and (4) the timing of claim construction is entirely up to the court.[2]

But in the present case there will be no jury to confuse by hearing argument on the legal issue of claim construction or to instruct as to the meaning of the claims -- both good reasons for a pretrial *Markman* hearing.  Gateway also argues that if trial is held on an incorrect claim construction it could necessitate a new trial.  But that would be true whatever the timing of the Court's claim construction.

The Court finds that a pretrial *Markman* hearing is not warranted in this case. Instead, the Court will consider claim construction issues during the bench trial.  In addition to trial briefs, the Court will set a pretrial briefing schedule on the claim construction issues. It would be helpful for the briefing to provide an outline of the arguments and evidence that the parties intend to present at trial on claim construction.  It is therefore

ORDERED that Gateway's Motion for *Markman* Hearing (Docket No. 432) to be held pretrial is DENIED.  It is further

ORDERED that in addition to trial briefs, the parties shall file simultaneous memoranda on claims construction on March 13, 2006, and simultaneous response

---

[1] *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 970-71 (Fed. Cir. 1995), *aff'd,* 517 U.S. 370 (1996).("the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court").

[2] *Ballard Medical Products v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 1358 (Fed. Cir. 2001); *CytoLogix Corp. v. Ventana Medical Systems, Inc.,* 424 F.3d 1168, 1172 (Fed. Cir. 2005) (the district court has considerable latitude in determining when to resolve issues of claim construction).

memoranda on March 27, 2005.  Said memoranda shall be no longer than 25 pages exclusive of statements of relevant facts.

DATED this 1st day of March, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge