IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GATEWAY, INC., f/k/a GATEWAY 2000, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART GATEWAY'S MOTION TO COMPEL<br><br><br>Case No. 2:02-CV-106 TS |

This matter is before the Court on Adams' Partial Objections[1] to the Magistrate Judge's November 2, 2005, Memorandum Decision and Order Granting in Part Gateway's Motion to Compel (Order).[2]

For non-dispositive pretrial matters, this Court reviews any objection to an order of the Magistrate under a "clearly erroneous or contrary to law" standard of review.[3] Under

---

[1]Docket No. 430.

[2]Docket No. 427.

[3]28 U.S.C. § 636(b)(1)(A);  Fed. R. Civ. P. 72(a) and DUCivR 74-1(a)(1).

1

the clearly erroneous standard, this Court will affirm the Magistrate's ruling unless this Court is, on the evidence, "left with the definite and firm conviction that a mistake has been committed."[4] Courts recognize that wide discretion is given to the magistrate in discovery rulings.[5]

Plaintiffs are an individual and a company who are receiving payments under two licencing and consulting agreements for the patent at issue in this case. Under one of the agreements, Plaintiffs allocate the payment between royalties and consulting agreements independently of how the other party allocates the same. One disputed issue in this case is the amount of a reasonable royalty for the license of the patent.

Adams objects to the portion of the November 11, 2005 Order that found the Plaintiffs' own actual allocation of revenues paid under two licencing agreements for the allegedly infringed patents was relevant to the issue of a reasonable royalty and therefore discoverable.[6] The Magistrate ordered the production to Gateway of "those portions of tax returns of Plaintiffs reflecting payments made" by the licensors.[7] Adams objects to this, but does not object to the other provisions of the Order.

Plaintiffs contend that the Magistrate erred because the information is not relevant and, if it is, that information discovered after the Magistrate issued his Order shows that

---

[4] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[5] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

[6] Order at 3.

[7] *Id.* at 7.

the information is available through other sources.  The other information consists of deposition testimony from the other parties to the agreements regarding how those companies treat their payments under the agreement.

In support of their position that tax returns are not discoverable, Plaintiffs cite cases holding that tax returns are only discoverable where the plaintiff's income is directly at issue[8] or finding a qualified privilege for tax returns.[9]

The Court finds that this case is distinguishable from those cases because the information at issue in this case is relevant.  The Court finds no error in the Magistrate's finding that it is relevant.  The subsequent information, which should have been raised first with the Magistrate, does not establish that the information is available from another source, because it only goes to how those companies allocate the payments, not how Plaintiffs independently allocate the payments.

The Court finds no error of fact or law in the Magistrate's Order.  The Order is finely tailored to disclose only those parts of the tax returns that are pertinent to the information the Magistrate found to be relevant.  Accordingly it is therefore

ORDERED that Plaintiffs' Partial Objections to the Magistrate Judge's November 2, 2005 Memorandum Decision and Order Granting in Part Gateway's Motion to Compel (Docket No. 430) are OVERRULED.  It is further

---

[8] *Sanderson v. Winner*, 507 F.2d 477, (10th Cir. 1974) (declining to address claim of privilege for tax returns because they were not relevant and therefore not discoverable).

[9] *Gattegno v. PriceWaterhousecoopers*, LLP, 205 F.R.D. 70, 72 (D. Conn. 1974).

ORDERED that Magistrate Judge's November 2, 2005 Memorandum Decision and Order Granting in Part Gateway's Motion to Compel (Docket No. 427) is AFFIRMED AND ADOPTED IN FULL.

DATED this 10th day of March, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge