IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS, et al., <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> GATEWAY, INC., f/k/a GATEWAY 2000, INC., a Delaware corporation, <br><br> Defendant. | ORDER RE: GATEWAY'S SUBMISSION IDENTIFYING DOCUMENTS NOT TO BE PRODUCED UNDER THIS COURT'S ORDER [DKT. NO. 484] <br><br><br><br><br> Case No. 2:02-CV-106 TS |

This matter is before the Court on Gateway's Submission Identifying Documents Not to be Produced Under This Court's Order [Dkt. No. 484]. In the Court's Memorandum Decision and Order on De Novo Review of Magistrate Judge's Reports and Recommendations and Imposing Sanctions, the Court ordered as follows:

> [A]s to Adams, in this litigation, Gateway should be prohibited from asserting the attorney-client or work-product privileges for documentation and testimony of any Gateway activities prior to the filing of this suit which are related to floppy disk controller errors or to Adams. Within five days of the entry of this Order, Gateway shall file a list identifying those documents that it believes should not be covered by this paragraph.[1]

---

[1] Docket No. 484 at 21-22 (Sanctions Order).

1

Gateway identified the exhibits by a Submission[2] and a Notice.[3]  The Court has reviewed those documents *in camera*.  It is therefore

ORDERED that the following documents relate to the *qui tam* action and Gateway may therefore continue to assert the attorney-client or work-product privileges as to Adams as to these documents: the portions of Notebook G, Tab 12 and Notebook F, Tab 251; beginning on the second page under heading "GSA subpoena," (the remainder of this document is covered by the Sanctions Order); Notebook F, Tab 247 and Notebook E, Tab 62; Notebook E, Tabs 60 and 142, beginning on the second page under heading "GSA Subpoena," (the remainder of Tabs 60 and 142 are covered by the Sanctions Order); Notebook F, Tab 232.  It is further

ORDERED that the following documents do not appear to be documentation and testimony of any Gateway activities prior to the filing of this suit which are related to floppy disk controller errors or to Adams, and therefore Gateway may continue to assert the attorney-client or work-product privileges for these documents as to Adams: Notebook H, Tabs 1 through 11; Notebook F, Tabs 248, 291 and 292; Notebook E, Tabs 152 and 154. It is further

ORDERED that the following is a *portion of* a document that does not appear to be documentation and testimony of any Gateway activities prior to the filing of this suit which are related to floppy disk controller errors or to Adams and Gateway may therefore

---

[2] Docket No. 493.

[3] Docket No. 503.

continue to assert the attorney-client or work-product privileges as to that portion only: Notebook E, Tab 147, only the first e-mail beginning with, "We need to . . ."; It is further

ORDERED that the Court is not ruling that these documents are privileged, only that Gateway is not prohibited from asserting the attorney-client or work-product privileges as to these documents.  It is further

ORDERED that the following documents are documentation and testimony of any Gateway activities prior to the filing of this suit which are related to floppy disk controller errors or to Adams and are therefore covered by the Sanctions Order: Notebook E, Tab 147 (except for the portion listed above); Tabs 148, 149,150, 151, and 153.  It is further

ORDERED that the documents submitted to the Court with the August 31, 2005 Matava letter are documents covered by the Sanctions Order because they are "documentation . . . of any Gateway activities prior to the filing of this suit which [is] related to floppy disk controller errors or to Adams."[4]  The Sanctions Order covers any documentation of any of Gateway's activities relating to floppy disk controller errors and Adams that occurred prior to the filing of this action.  It is not limited to documentation that was created prior to the filing of this action.

DATED this 21st day of March,  2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] Docket No. 484 at 21.