IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP M. ADAMS, an individual and PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>       Plaintiffs,<br><br>v.<br><br>GATEWAY, INC., a Delaware Corporation,<br><br>       Defendant. | **AMENDED[*] MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL DR. ADAMS' EXPERT REPORT AND DEPOSITION**<br><br>Case No. 2:02 CV 106 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

   Gateway has moved[1] to compel Plaintiffs to provide Dr. Adams' expert report and deposition or to exclude him from testifying as an expert. It really is beyond dispute that Dr. Adams has extraordinary knowledge about the technical subject matter of his patents, and he has been formally designated as an expert in this litigation.[2] The question is whether he is bound by the requirement of Fed. R. Civ. P. 26(a)(2)(B) to provide an expert report. His deposition has been taken over a six day period,[3] and trial is set for April 3, 2006.[4] This order determines that he need not provide an expert report.

---

[*] This amended order includes new material marked by underlining.
[1] Motion to Compel Dr. Adams' Expert Report and Deposition or, Alternatively, to Exclude Dr. Adams' Expert Testimony, docket no. 439, filed January 5, 2005.
[2] Rule 26(a)(2) Notice that Phillip M. Adams Will Testify as an Expert, Exhibit A to Memorandum of Law in Support of Motion to Compel Dr. Adams' Expert Report and Deposition or, Alternatively, to Exclude Dr. Adams' Expert Testimony (Supporting Memorandum), docket no. 440, filed January 5, 2005.
[3] Plaintiffs' Opposition to Gateway's Motion to Compel Dr. Adams' Expert Report and Deposition or, Alternatively, to Exclude Dr. Adams' Expert Testimony at 2, docket no. 461, filed February 3, 2006.
[4] Amended Scheduling Order, docket no. 333, filed March 22, 2005 and Supplemental Scheduling Order, docket no. 394, filed July 6, 2005.

## Discussion

There are three tiers of obligations regarding experts: disclosure of identity; disclosure by report; and discovery. The last tier – discovery – has different treatment for two types of experts.

- *Disclosure of identity* is required for all persons who will testify under Fed. R. Evid. 702, 703 or 705.[5]
- *Disclosure* of opinion and supporting information *by report* is required for "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony."[6]
- *Discovery* is permitted *by deposition* of "any person who has been identified as an expert whose opinions may be presented at trial."[7]
- *Discovery by any means is prohibited* for "an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial" unless certain exigencies exist.[8]

It is clear in this case that Dr. Adams' identity is required to be disclosed, since he will testify as an expert at trial. It is also clear that he is subject to deposition and not insulated from other forms of discovery. The dispute is about provision of a report.

### History of Expert Discovery and Report Requirement

Under the 1970 amendments to the rules, a party could submit an interrogatory to another party "to require one who intends to use [an expert who is to testify at the trial] to state the substance of the testimony that the expert is expected to give."[9] But this provision did not

---

[5] Fed. R. Civ. P. 26(a)(2)(A).
[6] Fed. R. Civ. P. 26(a)(2)(B).
[7] Fed. R. Civ. P. 26(b)(4)(A).
[8] Fed. R. Civ. P. 26(b)(4)(B).
[9] Notes of Advisory Committee on 1970 Amendments to Rules.

distribute much knowledge.  "The information disclosed under the [1970] rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness."[10]  The 1970 rules did not specifically provide for deposition of experts, but that was "the actual practice followed in most courts,"[11] expressly authorized in the rules in 1993.

Thus, the provisions about *reports* of experts and *depositions* of experts evolved differently.  Depositions were permitted by practice under the 1970 Rule, before reports were required by the 1993 Rule.  The only addition in the 1993 Amendments for depositions was to provide that the expert's fees for deposition would be borne by the deposing party.  The 1993 Amendments added the requirement of reports for those "retained or specially employed to provide expert testimony in the case."[12]

The 1993 amendments added a general requirement that a party taking an expert witness's deposition would pay "the expert a reasonable fee for time spent in responding to discovery."[13]  This expense is only a concern as to experts specially employed or retained, since persons "generally employed" are not charging their employer an additional fee for the work as an expert witness.  Presumably, the traditional tools of deposition and interrogatory available for expert witnesses who are "generally employed" don't incur any extraordinary out of pocket costs for the employer-party.

The 1993 Notes hint at the interplay between reports and expenses, suggesting cost avoidance is a reason reports are required when expert expenses are in play.  In discussing the allocation of "the expense of such depositions" to the party taking the deposition, the 1993 Notes

---

[10] Notes of Advisory Committee on 1993 Amendments to Rules.
[11] *Id.*
[12] Fed. R. Civ. P. 26(a)(2)(B).
[13] Fed. R. Civ. P. 26(b)(4)(C)

suggest that a report could "eliminate the need for some such depositions or at least reduce the length of the depositions."[14] Thus, the Note states the "requirement under subdivision (a)(2)(B) of a complete and detailed report of the expected testimony" applies only to "certain forensic experts;"[15] which I understand to mean *those expert witnesses for whom expenses might be chargeable* – those "retained or specially employed" – and those "whose duties as an employee of the party regularly involve giving expert testimony." As to that last category, since the expert employee is regularly involved in litigation, it is fair to impose the burden of the report because that expert witness, like one specially employed or retained, is in the business of regularly testifying and can become familiar with the routine of report preparation.

The plain language of the rule facilitates a party's use of an employee for expert witness testimony without the burden of a formal report. Such a report might be a heavy burden for a technician or manager familiar with a sophisticated process or practice, but unaccustomed to the burden of communication. For such a witness, even the experience of testimony and deposition would be out of the norm. A report might be beyond the employee's ability. But for an employee who is essentially an "in-house" expert witness, the burden of a report is not great and prevents use of employment status to protect those who are truly "professional" witnesses.

Gateway suggests Dr. Adams is not an employee-expert and falls into the category of expert whose duties "regularly involve giving expert testimony" because:

- he filed an affidavit stating that he has "acted as an expert in computer litigation in my over 28 years experience in the computer industry;"[16]

- he signed an agreement with Hewlett-Packard agreeing to testify "at the request of HP or its legal counsel, in any FDC-related litigation including the Alvis Litigation;"[17] and

---

[14] Notes of Advisory Committee on 1993 Amendments to Rules.
[15] *Id.*
[16] Declaration of Plaintiff Phillip M. Adams re Source Code at 2, filed February 16, 2006, as Sealed Exhibit, docket no. 470, to Gateway's Supporting Memorandum.

- he provided a short affidavit in that litigation.[18]

These facts fall far short of saying Adams' duties as an employee of the party regularly involve giving expert testimony. His affidavit that he has acted as an expert over the last 28 years might refer to *consulting* as a non-testifying expert in which case he would have never given a report or deposition.[19] Indeed, the fact that Gateway has presented no evidence that Adams has testified as an expert witness over those 28 years supports this interpretation. The HP agreement is only an *agreement to testify*, not qualifying as experience history. The only evidence Gateway offers of Adam's testimony as an expert is the page and a half affidavit. Adams is not the regularly testifying expert witness employee targeted by the Rule.

This reading of the rule as exempting employee experts who do not regularly testify from the report requirement is consistent with *Navajo Nation v. Norris*[20] in which three Tribal Council members were designated to "testify regarding tribal customs and traditions."[21] Since "the duties of these Tribal Council members do not involve regularly giving expert testimony in court"[22] they were not required to give reports. The court considered and rejected the argument that the result was "inconsistent with the purpose of FRCP 26(a)(2)(B) which is to promote full disclosure of expert information and reduce unfair surprise due to late or incomplete disclosures."[23] As the district judge overruled the magistrate judge who had accepted that argument, the district judge stated "the Magistrate Judge simply rewrote the rule to say that employee experts must provide the report required by FRCP 26(a)(2)(B)."[24] It would be nice for

---

[17] Consulting Agreement attached to Master Agreement with Hewlett-Packard Company, Exhibit F to Gateway's Supporting Memorandum. See also Supporting Memorandum at 8.
[18] Declaration of Phillip Adams, Exhibit F to Gateway's Memorandum. See also Supporting Memorandum at 8.
[19] Fed. R. Civ. P. 26(b)(4)(B).
[20] 189 F.RD. 610 (E.D. Wash. 1999).
[21] 189 F.R.D. at 611.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 612.

opposing parties if the policy of full disclosure by report were absolute, but that is not what the Rule says.

Gateway has assembled several trial level cases where the court has simply been unable to live with the language of the Rule. Generally, these cases reject the language of the Rule because "the reading proposed . . . would create a distinction seemingly at odds with the evident purpose of promoting full pre trial disclosure of expert information."[25]  These cases just refuse to recognize "a category of expert trial witness for whom no written disclosure is required" because they say that result is "not justified by any articulable policy."[26]  But policy should only be used to construe a rule, not to contravene its language.

The only appellate case in Gateway's memoranda analyzes the rule in light of an example given in the Advisory Committee Notes. The opinion based its analysis on a "treating physician, the example offered by the Advisory Committee of an employee exempt from the written report requirement."[27]  Such a treating physician, as a factual observer, can testify as an expert without a report. The opinion therefore held that only percipient experts are excluded from a report requirement, ignoring the language in the Rule.

All of these cases have unnecessarily stretched to find a reason that the Rule requires a report for an employee expert witness who is not specially employed and does not regularly testify, when the Rule clearly says otherwise. This straining is unnecessary in light of the 1993 Notes' suggestion that "[b]y local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702."[28]  In the cases Gateway cites, the policy concerns that lead to

---

[25] *Day v. Consol. Rail Corp.*, No. 95 CIV. 968 (PKL), 1996 WL 257654, at *2 (S.D.N.Y. May 15, 1996). *See also KW Plastics v. U.S. Can Co.,* 199 F.R.D. 687, 689 (M. D. Ala. 2000); *Minn. Mining & Mfg. Co.,* 177 F.R.D. 459, 460 (D. Minn. 1998); *McCulloch v. Hartford Life & Acc. Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004).
[26] *Id.*
[27] *Prieto v. Malgor*, 361 F.3d 1313, 1319 (11th Cir. 2004).
[28] Notes of Advisory Committee on 1993 Amendments to Rules, *quoted in Navajo Nation*, 189 F.R.D. at 612-13.

overriding the Rule could have been expressed in terms of the discretionary needs of the particular case for an expert report.

Because Dr. Adams has been extensively deposed, because trial is coming soon, and because Dr. Adams' duties as an employee do not require him to regularly testify as an expert witness, neither a report nor a specific deposition for purposes of developing his testimony as an expert will ~~not~~ be required.  The court declines to exercise its discretion to require such a report, and due to the late date of filing of this motion (January 5, 2006), a separate deposition beyond the six days already taken will not be ordered.

## ORDER

IT IS HEREBY ORDERED that Gateway's motion to compel Dr. Adams' expert report and deposition or alternatively exclude his expert testimony[29] is DENIED.

Dated this ~~10th~~ 30th day of  March, 2006.

BY THE COURT

    s/David Nuffer
David Nuffer
United States Magistrate Judge

---

[29] Motion to Compel Dr. Adams Expert Report and Deposition or, Alternatively, to Exclude Dr. Adams' Expert Testimony, docket no. 439, filed January 5, 2005.