IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS, et al.,<br><br>  Plaintiffs,<br><br><br><br>vs.<br><br><br><br>GATEWAY, INC., f/k/a GATEWAY 2000, INC., a Delaware corporation,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING GATEWAY'S OBJECTION TO MAGISTRATE JUDGE'S AMENDED DECISION AND DEFERRING RULING ON GATEWAY'S MOTION TO EXCLUDE DR. ADAMS' TESTIMONY REGARDING PATENT CLAIM ANALYSIS<br><br><br><br>Case No. 2:02-CV-106 TS |

This matter is before the Court on two related matters raising the issue of Plaintiff Philips Adams testifying as an expert witness. The first is Gateway's Objection to the Magistrate Judge's Order Denying Gateway's Motion to Compel Dr. Adams' Expert Report

1

and Recommendation.[1]  The second is Gateway's Motion Under *Daubert* to Exclude Adams' Testimony Regarding Patent Claim Analysis.[2]

Addressing the Objection first, the Court notes that Gateway filed a Request to Clarify the Magistrate Judge's Order[3] prior to filing its Objection.  On March 30, 2006, the Magistrate Judge filed his Amended Memorandum Decision and Order Denying Motion to Compel Dr. Adams' Expert Report and Recommendation (Amended Decision).[4]  The Amended Decision held that Dr. Adams was not required to file an expert report nor would he be required to have a "separate deposition beyond the six days already taken."[5]

Gateway objects to the Amended Decision and contends that the Magistrate Judge erred by (1) narrowing the expert report requirements of Fed.R.Civ.P. 26(a)(2)(B); (2) by finding that Dr. Adams was not "specially employed " to provide expert testimony.

For non-dispositive pretrial matters, this court reviews the Magistrate Judge's orders under a "clearly erroneous or contrary to law" standard of review.[6]  Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the

---

[1] Docket No. 522.

[2] Docket No. 529.

[3] Docket No. 494.

[4] Docket No. 551.

[5] *Id.* at 7.

[6] 28 U.S.C. § 636(b)(1)(A).

entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[7]

The Court has reviewed the Amended Decision and finds no error in the Magistrate Judge's finding that Dr. Adams is an employee who is not specially employed and does not regularly testify. The Court finds no error in the Magistrate's interpretation of Rule 26(a)(2)(B). Accordingly, the Court will adopt the Amended Decision in full.

Turning next to the Motion in Limine, Gateway seeks to exclude Dr. Adams' testimony under Rule 702[8] and *Daubert*[9] because it contends that he has no expertise in patent claim interpretation, and is not qualified to testify as an expert regarding patent claim interpretation, infringement, validity, licensing or damages. Adams contends that he is qualified.

In view of the fact that Gateway raises the *Daubert* issue the week before trial, the Court will determine the issue during trial, as a preliminary matter to an offer of Dr. Adams' testimony. It is therefore

ORDERED that Gateway's Objection to the Magistrate Judge's Order Denying Gateway's Motion to Compel Dr. Adams' Expert Report and Recommendation (Docket No. 488) is OVERRULED and the Court ADOPTS IN FULL the Magistrate Judge's March 30,

---

[7]*Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458 (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[8]Fed. R. Evid. 702.

[9]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

2006, Amended Memorandum Decision and Order Denying Motion to Compel Dr. Adams' Expert Report and Deposition.  It is further

ORDERED that Gateway's Motion Under Daubert to Exclude Adams' Testimony Regarding Patent Claim Analysis (Docket No. 529) will be determined at trial.

DATED this 31st  day of March,  2006.

BY THE COURT:

_____
TED STEWART
United States District Judge